UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEMORIAL EPISCOPAL CHURCH,

    Plaintiff

v.

PLAN B ARC, INC., THE
RAVENSWOOD GROUP, LLC,
and JEAN MARIE THROWER,

    Defendants.
_____/

Case No.: 8:22-cv-01147

JURY TRIAL DEMANDED

## COMPLAINT FOR MONEY DAMAGES

### INTRODUCTION

1. In 2021, the Taliban completed its brutal takeover of Afghanistan, leaving millions of Afghans displaced or in danger. Recognizing the sheer number of innocent people – women, children, disabled, and elderly – seeking refuge from the Taliban, Memorial Episcopal Church of Baltimore, Maryland ("Memorial") and its Pastor, Grey Maggiano, immediately sought out ways to help. In its search, Pastor Maggiano was introduced to Jean Marie Thrower ("Thrower") – the President of Defendant Plan B Arc, Inc. ("Arc"), an organization whose website asserted that it consisted of "dedicated American Veterans and civilians volunteering to save as many vetted, AT-RISK Afghan allies (and Americans) left behind in Afghanistan as we can."

https://www.arcplanb.org/. Ms. Thrower assured Pastor Maggiano that if Memorial paid Arc $100,000, Arc would evacuate over 100 stranded Afghans to safety.

2. Relying on Arc's claims, and after receiving multiple assurances from Defendant Thrower, Memorial executed a contract with Arc and paid it $100,000 for evacuation services that were set to occur on November 20, 2021.

3. November 20, 2021, however, came and went, and no Afghans were evacuated. To date, Arc has not evacuated a single Afghan, and Arc has stated to Memorial that it cannot assure any evacuations will ever occur. Arc has further indicated that the money it assured Memorial would remain secure until flights were set was in fact transferred to a third party, Defendant The Ravenswood Group ("TRG"), which has not used the money to resettle any Afghan refugees, either. Memorial now seeks to recoup the $100,000 it paid for services it never received.

## PARTIES

4. Plaintiff Memorial is a religious institution located at 1407 Bolton Street, Baltimore, Maryland 21217.

5. Defendant Arc is a Florida not for Profit Corporation with its principal place of business at 6420 4th Palm Point, St. Pete Beach, Florida 33706.

6. Defendant TRG is a Florida Limited Liability Company with its

principal place of business at 7950 NW 53rd Street, Suite 337, Miami, Florida 33166.

7. Defendant Thrower is a Florida resident, whose last known address is 6420 4th Palm Point, St. Pete Beach, Florida 33706.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff Memorial is a Maryland religious entity; Defendants Arc and TRG have their principal place of business in Florida; and, Defendant Thrower is a Florida resident. The amount in controversy, further, exceeds $75,000.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Arc is a Florida Not-for-Profit Corporation with its principal place of business in St. Pete Beach, Florida 33706, and is subject to personal jurisdiction in this District.

## BACKGROUND

10. In mid-2021, shortly after the United States withdrew its troops, the Taliban completed its conquest of Afghanistan, leaving millions of people – including many American allies – stranded.

11. Memorial's Pastor – Grey Maggiano – knew he wanted to help the refugee crisis and began searching for ways to evacuate displaced and at-risk Afghans.

3

12. In his search, Pastor Maggiano and Memorial were introduced to Ms. Thrower, the President of Arc. Thrower informed Pastor Maggiano of Arc's previous work and assured him that Arc could facilitate the evacuation of some 100 refugees, including former State Department employees, contractors, and individuals with connections to Baltimore, MD. To do this, Ms. Thrower informed Pastor Maggiano she would work with TRG and its Chairman – Mr. Greg Gustin ("Gustin") – to facilitate the evacuation flights and set up a refugee camp in Qatar.

13. With a plan in place, on November 13, 2021, Memorial wired Arc $100,000. Proof of that payment is attached hereto as Exhibit A. Prior to the wire, Ms. Thrower assured Pastor Maggiano that the $100,000 would remain with Arc until the flights were secured and confirmed. Arc – through Ms. Thrower – and Memorial – through Pastor Maggiano – then executed a contract committing Arc to the rescue flights.  A true and correct copy of the Contract is attached hereto as Exhibit B.

14. Shortly after Memorial wired the $100,000, Ms. Thrower informed Pastor Maggiano the evacuation flights would occur on November 20, 2021. Pastor Maggiano promptly informed the refugees that they would soon be leaving Afghanistan, and the refugees were finally able to breathe a sigh of relief.

15. November 20, 2021, however, came and went, and the refugees

were never moved.

16. When Pastor Maggiano asked Ms. Thrower why the flights didn't occur, he was directed to Mr. Gustin – and Mr. Gustin and Ms. Thrower gave Pastor Maggiano conflicting, evasive answers. At this point, Mr. Gustin and Ms. Thrower informed Pastor Maggiano that Arc and TRG were allegedly working with Sama Global – an entity supposedly owned by the Qatari royal family – to facilitate the evacuations. Additionally, around this time, Ms. Thrower also informed Memorial that Arc had transferred – without Memorial's knowledge or consent – the $100,000 to TRG. Despite his reservations about this unknown entity, Pastor Maggiano continued to trust Arc and Ms. Thrower's repeated promises that the flights would occur, and the money was secure.

17. After months of no flights and no news, in late January 2022, recognizing it had been deceived by Arc and Ms. Thrower, Memorial requested that Arc return the $100,000 in accordance with the contract. Ms. Thrower, however, informed Pastor Maggiano that because the money had been transferred to TRG, she could not get it back. She did, however, assure him the flights would occur very soon.

18. Of course, no flights ever occurred, and Memorial is out $100,000 for services it never received. Further, every day the money is not returned, is another day Memorial is prevented from redirecting the $100,000 to an

organization that can actually facilitate evacuation services.

19. On March 30 and April 1, respectively, Memorial sent demand letters to Arc and Ms. Thrower and TRG demanding an immediate return of the $100,000 as outlined in the executed Contract. [True and correct copies of those demand letters are attached hereto as Exhibit C and D.]

20. Counsel for Ms. Thrower [and Arc] responded to the demand letter on April 13, 2022, *admitting* the $100,000 was due to Memorial, and asserting that Arc was working to recover and refund the money. A true and correct copy of that correspondence is attached hereto as Exhibit E. In that same letter, Ms. Thrower's counsel stated Arc was still attempting to arrange evacuation services with the help of Mr. Gustin and TRG.

21. The statement of Ms. Trower's counsel, however, directly conflicts with what Ms. Thrower was concurrently telling Pastor Maggiano. Indeed, on April 5, 2022, Ms. Thrower sent a message to Pastor Maggiano and other individuals working to arrange evacuations informing them of Gustin's "lies," "deceit," and "acts of greed, incompetence and corruption" and informing them she did not see any evacuations happening "in the near future." [A true and correct copy of Ms. Thrower's April 5, 2022 correspondence is attached hereto as Exhibit F.]

6

## CAUSES OF ACTION

### COUNT 1 – BREACH OF CONTRACT – ARC

22. The allegations contained in paragraphs 1 through 21 of this Complaint are hereby incorporated as through fully set forth herein.

23. Arc and Memorial entered into a valid, binding Contract, under which Arc was obligated to evacuate 103 refugees from Mazar e Sharif, Afghanistan, to Qatar or another third country; provide safe passage to the airport in Mazar; and, provide lodging for the refugees in the third country for at least 90 days in exchange for $100,000 from Memorial.

24. Arc failed to complete its obligations under the Contract, and Memorial has been directly and proximately damaged because of Arc's failures.

25. Therefore, Memorial is entitled to recover its damages from Arc for its breach of contract.

### COUNT 2 – FRAUD – ARC AND THROWER

26. The allegations contained in paragraphs 1 through 25 of this Complaint are hereby incorporated as though fully set forth herein.

27. Ms. Thrower's repeated assurance – that Memorial's money would be used for evacuation services and would be kept with Arc until such services were set and confirmed – induced Memorial to pay Arc $100,000.

28. In addition to these assurances, which caused Memorial to wire the $100,000 to Arc, Ms. Thrower's continued promises that the flights were

7

happening – despite later-revealed evidence they were not – delayed Memorial's attempts to recoup its money.

29. Ms. Thrower knew these statements were false and misleading at the time they were made, and Ms. Thrower knew these statements would induce Memorial to pay Arc $100,000. She acted at all times as an authorized agent of Arc, which is responsible for her acts and statements.

30. Memorial relied on Ms. Thrower's and Arc's representations to its detriment, and Memorial is entitled to recover damages from these defendants for their fraudulent behavior.

### COUNT 3 – UNJUST ENRICHMENT – TRG & ARC

31. The allegations contained in paragraphs 1 through 30 of this Complaint are hereby incorporated as though fully set forth herein.

32. Arc received $100,000 from Memorial and, without Memorial's knowledge, Arc transferred that $100,000 to Greg Gustin and TRG. A benefit, therefore, has been conferred on both Arc and TRG, and each defendant is plainly aware of that benefit.

33. Neither TRG nor Arc has put the $100,000 towards the evacuation services promised to Memorial.

34. Therefore, because the money was first given to Arc, and then allegedly given to TRG with the intent that one or both entities would facilitate evacuation flight services, and because no flights ever occurred, it would be

inequitable for either TRG or Arc to retain Memorial's $100,000.

35. Memorial is entitled to recover the $100,000 from TRG or Arc in restitution for their unjust enrichment.

## PRAYER FOR RELIEF

Wherefore, Memorial Episcopal Church respectfully requests that this Court enter judgment in its favor on all counts, and in addition, grant Memorial its attorney's fees, costs, and expenses, as well as pre- and post-judgment interest and any other relief the Court may deem necessary and proper.

Dated: May 18, 2022

*/s/ Samantha M. Gerencir*
Samantha M. Gerencir (FBN 1019553)
Zuckerman Spaeder LLP
101 E. Kennedy Boulevard, Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
sgerencir@zuckerman.com

Cyril V. Smith*
Zuckerman Spaeder LLP
100 E. Platt Street, Suite 2440
Baltimore, MD 21202-1031
Tel: (410) 332-0444
Fax: (410) 659-0436
csmith@zuckerman.com

*Attorneys for Plaintiff*

*\* Pro hac vice application forthcoming*